UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | Case No. 10-CR-0339(8) (PJS/JJK) |
|---|---|
| Plaintiff, | Case No. 12-CV-2677 (PJS) |
| v. | ORDER |
| JAVIER ENRIQUE TORRES, | |
| Defendant. | |

Javier Enrique Torres, defendant pro se.

Defendant Javier Torres pleaded guilty to one count of conspiracy to distribute narcotics and was sentenced to 58 months in prison and 2 years of supervised release. ECF Nos. 360, 413. Torres did not file a direct appeal.

This matter is before the Court on Torres's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons stated below, the motion is denied. Because the record conclusively demonstrates that Torres is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Torres alleges that he received ineffective assistance of counsel. Specifically, Torres claims that his counsel should have objected to the entry of judgment because there was an insufficient factual basis for his guilty plea and that his counsel failed to argue that there was insufficient evidence to convict him of conspiracy. If his counsel had raised these claims, Torres argues, the Court would likely have dismissed the conspiracy charge. In addition, Torres claims that neither his attorney nor the Court apprised him of the nature of the conspiracy charge.

These allegations are meritless. At Torres's change-of-plea hearing, the government described the evidence against Torres, which included text messages and phone calls of Torres

negotiating drug transactions and Torres's fingerprints on both sides of tape that was wrapped around cash found in a hidden compartment in a car. The government also explained that two of Torres's codefendants would implicate Torres as both a seller of drugs and a courier who brought drugs from out of state. In addition, Torres himself admitted that he entered into a conspiracy to distribute drugs, that he drove a vehicle to Minnesota knowing that the vehicle likely contained drugs, and that he helped to conceal cash wrapped in duct tape by carrying it to a garage. Finally, Torres signed a plea agreement agreeing that he knowingly and intentionally conspired with others to distribute drugs. There was a sufficient factual basis for Torres's guilty plea, and Torres's counsel was not ineffective for failing to argue otherwise. In addition, Torres does not claim that, but for the alleged ineffective assistance, he would have gone to trial. This alone bars his claim. *See Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (in order to establish prejudice in the guilty-plea context, a defendant must establish a reasonable probability that he would have exercised his right to trial but for his counsel's ineffectiveness).

Similarly without merit is Torres's claim that his counsel was ineffective for failing to get the indictment dismissed on the basis of insufficient evidence. "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999); *see also Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." (footnote omitted)).

Finally, Torres's claim that his counsel was ineffective because he failed to explain the conspiracy charge to Torres is meritless, and Torres's claim that the Court likewise failed to

explain the charge is simply false. The Court described the elements of the conspiracy charge to Torres at his change-of-plea hearing, and, before pleading guilty to that charge, Torres affirmed that he understood the charge. It thus does not matter whether Torres's counsel also explained the same conspiracy charge to Torres. Moreover, as with his other claims, Torres does not claim that he would have gone to trial but for this alleged ineffectiveness. *See Watson*, 682 F.3d at 745. Torres's § 2255 motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 455] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 7, 2012        s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge